01

02

03

04 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
05 AT SEATTLE

06 DARLENE B.,                              )
                                          )   CASE NO. C20-5702-MAT
07        Plaintiff,                       )
                                          )
08   v.                                    )
                                          )   ORDER RE: SOCIAL SECURITY
09 ANDREW M. SAUL,                         )   DISABILITY APPEAL
   Commissioner of Social Security,        )
10                                         )
          Defendant.                       )
11 _____      )

12        Plaintiff proceeds through counsel in her appeal of a final decision of the

13 Commissioner of the Social Security Administration (Commissioner).  The Commissioner

14 denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an

15 Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the administrative

16 record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for

17 further administrative proceedings.

18                    **FACTS AND PROCEDURAL HISTORY**

19        Plaintiff was born on XXXX, 1953.[1]  She has a high school diploma and previously

20 worked as a cashier, food sales clerk, and accounting clerk.  (AR 244, 505-08.)

21        Plaintiff applied for DIB in September 2015.  (AR 180-81.)  That application was

22

_____

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

01 denied and Plaintiff timely requested a hearing.  (AR 100-02, 104-05, 109-10.)

02   In June 2017, ALJ S. Andrew Grace held a hearing, taking testimony from Plaintiff

03 and a vocational expert (VE).  (AR 36-71.)  In November 2017, the ALJ issued a decision

04 finding Plaintiff not disabled.  (AR 1-21.)  Plaintiff timely appealed.  The Appeals Council

05 denied Plaintiff's request for review in August 2018 (AR 22-27), making the ALJ's decision

06 the final decision of the Commissioner.

07   Plaintiff appealed this final decision of the Commissioner, and the U.S. District Court

08 for the Western District of Washington reversed the ALJ's decision and remanded for further

09 proceedings.  (AR 546-49.)  ALJ Malcolm Ross held a hearing in January 2020 (AR 484-514)

10 and issued a decision in March 2020 finding Plaintiff not disabled.[2]  (AR 463-76.)  Plaintiff

11 now seeks judicial review of this decision.

12          **JURISDICTION**

13   The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

14 405(g).

15          **DISCUSSION**

16   The Commissioner follows a five-step sequential evaluation process for determining

17 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

18 must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

19 not engaged in substantial gainful activity (SGA) between her amended alleged onset date

20 (August 31, 2015) and her date last insured (DLI) (June 30, 2019).  (AR 466.)  At step two, it

21

22   [2] Plaintiff filed a subsequent DIB application and the ALJ consolidated the claims on remand. (AR 560.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -2

01  must be determined whether a claimant suffers from a severe impairment. The ALJ found

02  severe Plaintiff's status post stroke; homonymous scotoma; ankle osteoarthritis; edema;

03  obesity; and major depressive disorder. (AR 466.) Step three asks whether a claimant's

04  impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments

05  did not meet or equal the criteria of a listed impairment. (AR 466-68.)

06      If a claimant's impairments do not meet or equal a listing, the Commissioner must

07  assess residual functional capacity (RFC) and determine at step four whether the claimant has

08  demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

09  performing light work with additional limitations: she can occasionally climb. She can

10  frequently balance, stoop, kneel, crouch, and crawl. She can frequently handle and finger

11  bilaterally. She is limited to tasks that require no more than frequent near acuity and

12  occasional use of field of vision. She can withstand only occasional exposure to extreme

13  cold, heat, and hazards such as moving machinery and unprotected heights. She is limited to

14  simple tasks with no conveyor-belt-paced production requirements. She requires standard

15  work breaks and can withstand only occasional, routine workplace changes. (AR 468-69.)

16  With that assessment, the ALJ found Plaintiff capable of performing her past relevant work as

17  a cashier II. (AR 475-76.)

18      If a claimant demonstrates an inability to perform past relevant work, the burden shifts

19  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

20  an adjustment to work that exists in significant levels in the national economy. The ALJ did

21  not proceed to step five, in light of his finding at step four.

22      This Court's review of the ALJ's decision is limited to whether the decision is in

01    accordance with the law and the findings supported by substantial evidence in the record as a

02    whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

03    more than a scintilla, but less than a preponderance; it means such relevant evidence as a

04    reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

05    F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

06    supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

07    F.3d 947, 954 (9th Cir. 2002).

08        Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony,

09    (2) assessing certain medical evidence and opinions, (3) discounting lay evidence, and (4)

10    determining Plaintiff's past relevant work.  The Commissioner argues that the ALJ's decision

11    is supported by substantial evidence and should be affirmed.

12                          Subjective symptom testimony

13        The ALJ discounted Plaintiff's allegations because (1) the record shows only mild

14    findings and minimal, conservative treatment for her conditions; (2) she was able to work in

15    the past with despite her arthritic pain and cognitive difficulties, and only quit her last job due

16    to poor night vision; and (3) Plaintiff's activities are inconsistent "with the degree of bother

17    asserted" by Plaintiff.  (AR 469-72.)  Plaintiff argues that these reasons are not clear and

18    convincing, as required in the Ninth Circuit.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th

19    Cir. 2014).

20        As a primary matter, Plaintiff argues that the ALJ misstated her general allegation in

21    this case: the ALJ asserted that Plaintiff alleged that her impairments "preclude the

22    performance of all full time work activity on a regular and continuing basis" (AR 471), but

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

01  Plaintiff argues that she is "alleging that she is unable to perform any past relevant work, and

02  she is limited to no more than sedentary or light level exertion." Dkt. 15 at 9.  Plaintiff has

03  not shown that this distinction impacted the ALJ's disability determination and thus has not

04  shown prejudicial error flowing from it.

05       Plaintiff next argues that the ALJ's first reason is insufficient because the ALJ cannot

06  solely discount her testimony based on a lack of objective support. Dkt. 15 at 9-11.  That may

07  be true, but the ALJ did not err in considering the extent to which Plaintiff's allegations of

08  disabling limitations were supported by the record, along with other factors. *See Rollins v.*

09  *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be

10  rejected on the sole ground that it is not fully corroborated by objective medical evidence, the

11  medical evidence is still a relevant factor in determining the severity of the claimant's pain

12  and its disabling effects.").

13       Furthermore, the ALJ not only noted a lack of objective support for some of Plaintiff's

14  allegations, but also pointed out how some of her allegations (cognitive problems) were

15  contradicted by normal objective testing.  (AR 471.)  This finding also supports the ALJ's

16  assessment of Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533

17  F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis

18  for rejecting the claimant's subjective testimony.").

19       Plaintiff goes on to challenge the ALJ's second reason, arguing that she described

20  being unable to work for many reasons, including arthritis problems, cognitive/memory

21  problems, anxiety, depression, swelling, and trouble using her hands. Dkt. 15 at 10.  But

22  when asked at the first administrative hearing why she quit her last job, Plaintiff cited her

01  poor night vision.  (*See* AR 41-42.)  The ALJ did not misquote the record in finding that

02  Plaintiff's most recent job ended as a result of her vision impairment, rather than her arthritis

03  or cognitive difficulty.  (AR 471.)

04      Plaintiff also argues that the ALJ's reliance on her minimal treatment overlooks that

05  there is "no evidence of curative treatment that is available" to her, and that her Crohn's

06  disease prevents her from taking stronger pain medication.  Dkt. 15 at 10.  But, as noted by

07  the ALJ (AR 470-71), although Plaintiff alleges disability in part due to depression, she has

08  not engaged in counseling or therapy and only tried one medication.   Examining

09  psychologists opined that therapy and medication would be helpful for Plaintiff.  (AR 415,

10  841.)  There is also evidence that Plaintiff's lack of pain medication was due at least in part to

11  a personal preference (AR 456 (treatment note indicating Plaintiff decided not to treat her

12  neuropathic pain)), and although the record shows that ibuprofen sometimes caused Plaintiff

13  to experience Crohn's flares (AR 857), there is no evidence that other medications were also

14  precluded.  The ALJ did not err in finding that this evidence of minimal treatment undermined

15  her allegation of disabling limitations.  *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir.

16  1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced

17  pain approaching the highest level imaginable was inconsistent with the 'minimal,

18  conservative treatment' that she received").

19      Plaintiff argues that the ALJ's reasoning regarding activities is not sufficiently

20  specific, and the Court agrees.  The ALJ found that Plaintiff's "demonstrated functioning is

21  also inconsistent with the degree of bother asserted."  (AR 472.)  But the ALJ goes on to cite

22  activities that Plaintiff self-reported and the ALJ summarized earlier (AR 469), and the ALJ

01    does not explain how activities that Plaintiff self-reported contradict her allegations. Thus,

02    the ALJ neither pointed to an inconsistency between Plaintiff's activities and her allegations,

03    nor found that Plaintiff's activities demonstrate the existence of transferable work skills, and

04    therefore the ALJ's finding regarding activities is erroneous. *See Orn v. Astrue*, 495 F.3d

05    625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the

06    claimant's testimony or (2) "meet the threshold for transferable work skills").

07        This error is harmless, however, in light of the ALJ's other independent reasons to

08    discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d

09    1155, 1162-63 (9th Cir. 2008). Thus, because Plaintiff has not shown harmful error in the

10    ALJ's discounting of her allegations, the Court does not disturb this portion of the ALJ's

11    decision.[3]

12                                     <u>Medical evidence</u>

13        Plaintiff argues that the ALJ erred in assessing multiple medical opinions, each of

14    which the Court will address in turn.

15    <u>Legal standards</u>

16        In general, more weight should be given to the opinion of a treating doctor than to a

17    non-treating doctor, and more weight to the opinion of an examining doctor than to a non-

18    examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[4] Where not

19    contradicted by another doctor, a treating or examining doctor's opinion may be rejected only

20

21        [3] Plaintiff also devoted pages of her opening brief to summarizing her hearing testimony (Dkt. 15 at 12-15), and this section does not advance her assignment of error and need not be discussed.

22        [4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7

01  for "'clear and convincing'" reasons.  *Lester*, 81 F.3d at 830 (quoting *Baxter v. Sullivan*, 923

02  F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining doctor's

03  opinion may not be rejected without "'specific and legitimate reasons' supported by

04  substantial evidence in the record for so doing."  *Lester*, 81 F.3d at 830-31 (quoting *Murray v.*

05  *Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

06  <u>Jeanne Adams, M.D.</u>

07        Dr. Adams, Plaintiff's treating physician, completed form opinions in May 2017 and

08  December 2019 describing Plaintiff's limitations.   (AR 451-53, 884-87.)   The ALJ

09  summarized Dr. Adams' opinions and explained that he gave them "low weight" because (1)

10  they are checkbox forms and contain only "a conclusory narrative evaluation"; (2) Dr. Adams

11  provided only routine, conservative treatment that does not support the significant limitations

12  she described; (3) Dr. Adams' conclusions are inconsistent with the many other largely

13  unremarkable physical examination findings, as well as Plaintiff's range of activities; and (4)

14  Dr. Adams attributed limitations to Crohn's disease, but the records show that Plaintiff's

15  Crohn's disease has been in remission since 1996.  (AR 474-75.5)  Because the ALJ found

16  Dr. Adams' opinions to be inconsistent with the longitudinal record, the ALJ found that "it

17  appears that [her] opinions are based more on the claimant's subjective allegations, the

18  reliability of which is undermined . . . ."  (AR 475.)

19        Plaintiff contends that Dr. Adams did not merely check boxes or write conclusory

20

21        [5] The ALJ also noted that Dr. Adams' opinions were inconsistent with the State agency opinions, but the ALJ did not indicate why he preferred the State agency opinions and thus this reason does not explain the weight given to Dr. Adams' opinions.  It does, however, indicate that the ALJ's

22  reasons to discount Dr. Adams' opinions must be specific and legitimate, because the opinions are contradicted.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -8

01  comments.  Dkt. 15 at 4.  On the contrary, the substance of the opinions is nearly entirely

02  checked boxes, with an occasional conclusory comment written in.  (AR 451-53, 884-87.)

03  Furthermore, in the 2019 opinion, Dr. Adams was asked to list the clinical findings and

04  objective signs that supported her opinion, and she left that portion of the form blank.  (AR

05  884.)  The ALJ reasonably found that Dr. Adams' opinions were unexplained and did not err

06  in discounting them on that basis.  *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)

07  ("[T]he ALJ may 'permissibly reject[ ] . . . check-off reports that [do] not contain any

08  explanation of the bases of their conclusions.'"  (quoting *Crane v. Shalala*, 76 F.3d 251, 253

09  (9th Cir. 1996))); *Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any

10  physician, including a treating physician, if that opinion is brief, conclusory, and inadequately

11  supported by clinical findings.").

12       Plaintiff also argues that the ALJ erred in finding Dr. Adams' opinions to be

13  inconsistent with the conservative, routine treatment she provided for Plaintiff, because there

14  is "no evidence of more intensive, curative treatment that is appropriate or available."  Dkt. 15

15  at 4.  Nonetheless, the ALJ's rationale is reasonable because the Dr. Adams' treatment notes

16  consist primarily of medication refills and routine tests, none of which describe the severe

17  limitations described in the opinions.  (*See* AR 454-59, 804-27, 844-52, 873-83.)  Under these

18  circumstances, the ALJ reasonably found Dr. Adams' treatment notes to be inconsistent with

19  her conclusions.  *See Rollins*, 261 F.3d at 856 (upholding rejection of treating physician's

20  opinion based on discrepancy between the opinion and the physician's description of the

21  claimant and prescription of a conservative course of treatment).  Even if, as Plaintiff

22  emphasizes (Dkt. 15 at 4), Dr. Adams had 40 years of experience treating Plaintiff, Plaintiff

01 has not shown that the ALJ was unreasonable in finding that her treatment notes of record do

02 not corroborate the significant limitations she indicated in her opinions.

03    Plaintiff raises other arguments regarding Dr. Adams' opinions (Dkt. 15 at 4) that

04 would at most establish harmless error, given that the ALJ provided multiple valid reasons to

05 discount the opinions, as indicated here.  Accordingly, the Court affirms the ALJ's assessment

06 of Dr. Adams' opinions.

07 Peter Weiss, Ph.D.

08    Dr. Weiss performed a psychological examination of Plaintiff in December 2015 and

09 wrote a narrative report describing her symptoms and limitations.  (AR 410-15.)  The ALJ

10 gave Dr. Weiss's opinion great weight.  (AR 472.)

11    Plaintiff argues that the ALJ inaccurately summarized Dr. Weiss's opinions in various

12 ways (Dkt. 15 at 5), but has not shown that any of these purported inaccuracies demonstrate

13 that Dr. Weiss's opinion was devoid of all probative value, such that the ALJ was required to

14 discount it.  Plaintiff has also not shown that Dr. Weiss's opinion was not fully accounted for

15 in the ALJ's RFC assessment.  Accordingly, Plaintiff has not met her burden to show that the

16 ALJ erred in crediting Dr. Weiss's opinion.

17 State agency opinions

18    The ALJ gave great weight to the State agency psychological opinions.  (AR 473.)

19 Plaintiff argues that the ALJ erred in failing to account for a consultant's opinion that Plaintiff

20 had "[s]lowed processing speed and diminished concentration."  (*See* AR 97.)  But the

21 consultant's opinion identified specific limitations that account for those deficits: a restriction

22 to performing simple tasks for two-hour periods over an eight-hour workday within a 40-hour

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -10

01    workweek.  (*See* AR 96-97.)  The ALJ's RFC assessment is consistent with those limitations.

02    (AR 469.)  Thus, Plaintiff has not shown that the ALJ erred in assessing that portion of the

03    State agency opinion.

04         Plaintiff goes on to argue that the ALJ did not account for all of the moderate

05    limitations described by the State agency consultants, nor the "intermittent interruptions"

06    found by one consultant that would nonetheless allow Plaintiff to "complete work tasks within

07    an acceptable time frame" (AR 82), even though the ALJ mentioned those limitations in his

08    summary of the State agency opinions.  (*See* AR 473.)  But the ALJ did include the specific

09    limitations identified by the State agency consultants, and those limitations represent the

10    consultants' translation of those moderate deficits into concrete restrictions.  Because Plaintiff

11    has failed to show that the ALJ's RFC assessment is actually inconsistent with the State

12    agency opinions either as to the moderate deficits or as to the "intermittent interruptions," she

13    has failed to meet her burden to show error in this aspect of the ALJ's decision.

14         Lastly, Plaintiff argues that the ALJ erred in indicating that he found Plaintiff more

15    limited than as described in two other State agency opinions from 2018 and 2019 in an effort

16    to give Plaintiff "all possible benefit of the doubt" (AR 474), because the ALJ did not actually

17    give Plaintiff the benefit of the doubt and instead discounted much of her subjective

18    testimony.  Plaintiff appears to have missed the ALJ's point: that he found Plaintiff more

19    limited than 2018 and 2019 State agency opinions filed in connection with her subsequent

20    application, in order to account for the other evidence in the record, even though he gave great

21    weight to the recent State agency opinions.  (AR 473-74.)  Plaintiff has not identified any

22    harmful legal error stemming from the ALJ's assessment of the 2018-19 State agency

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -11

01 opinions.

02 <u>Miscellaneous medical evidence</u>

03      Plaintiff summarizes various medical findings in the record, in an effort to show that

04 the ALJ erred in considering the medical evidence.  Dkt. 15 at 7-8.  Most of this evidence

05 does not support the existence of any particular error in the ALJ's decision, and need not be

06 discussed further.

07      To the extent that Plaintiff also points to certain opinions credited by the ALJ and

08 identifies reasons why these opinions should have been discounted (Dkt. 15 at 8), the Court

09 declines Plaintiff's invitation to reweigh this evidence.

10      For all of these reasons, the Court rejects Plaintiff's assignment of error in the ALJ's

11 assessment of the medical evidence.

12                                      <u>Lay evidence</u>

13      Plaintiff challenges the ALJ's discounting of various lay statements.[6]  Dkt. 15 at 15-

14 17.  Plaintiff does not identify the ALJ's reasons for discounting the lay statements, but

15 simply asserts that the ALJ's reasons are not supported by substantial evidence nor germane

16 to the witnesses, as an ALJ's reasons to discount a lay statement are required to be in the

17 Ninth Circuit. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to

18 discount the testimony of the lay witnesses, he must give reasons that are germane to each

19 witness.").

20

21      [6] Plaintiff also argues that the ALJ did not discuss one particular part of a lay statement.  Dkt.
15 at 15.  Plaintiff has not identified any authority requiring an ALJ to summarize any particular part

22 of a lay statement, nor has Plaintiff shown that the ALJ's reasoning would not apply to that part of the
lay statement or that the omission was otherwise prejudicial.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -12

01      The ALJ summarized lay statements written by Plaintiff's friend and daughter, as well

02  as observations recorded by agency personnel, and explained that he found them inconsistent

03  with Plaintiff's unremarkable physical examination findings, entirely normal psychiatric

04  findings, and her activities that demonstrate the ability to adequately communicate and

05  complete tasks that require a minimum level of persistence.  (AR 475.)  Inconsistency with

06  the medical evidence and a claimant's activities are both germane reasons to discount lay

07  evidence.  *See Carmickle*, 533 F.3d at 1164 (activities); *Bayliss v. Barnhart*, 427 F.3d 1211,

08  1218 (9th Cir. 2005) (medical evidence).  Because Plaintiff has not explained why the

09  evidence cited by the ALJ is not inconsistent with the lay statements, Plaintiff has failed to

10  identify an error in the ALJ's assessment of the lay statements.  Accordingly, Plaintiff has not

11  met her burden to show error in the ALJ's assessment of the lay statements.

12                                          <u>Step four</u>

13      Plaintiff bears the burden of showing she does not have the capacity to engage in past

14  relevant work.  Past relevant work is work (1) performed within the past fifteen years, (2)

15  constituting SGA, and (3) lasting long enough for the individual to have learned how to

16  perform the work.  20 C.F.R. §§ 404.1560(b)(1), 404.1565(a), 416.960(b)(1), 416.965(a).

17      SGA "is work done for pay or profit that involves significant mental or physical

18  activities." *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1571-

19  404.1572 & 416.971-416.975).  For the year 2004, average earnings of more than $810.00 per

20  month ordinarily show that work is SGA; that amount was raised to $830/month in 2005.  *See*

21  20 C.F.R. §§ 404.1574(b), 416.974(b); https://www.ssa.gov/oact/cola/sga.html (last accessed

22  April 29, 2021).  However, earnings are a presumptive, not a conclusive sign of whether a job

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -13

01 | constitutes SGA. *Lewis*, 236 F.3d at 515. The presumption arising from low earnings shifts

02 | the step-four burden from the claimant to the Commissioner. *Id*. "Without the presumption,

03 | the claimant must produce evidence that he or she has not engaged in [SGA]; if there is no

04 | such evidence, the ALJ may find that the claimant has engaged in such work. With the

05 | presumption, the claimant has carried his or her burden unless the ALJ points to substantial

06 | evidence, aside from earnings, that the claimant has engaged in [SGA]." *Id*. (noting relevant

07 | factors pursuant to the regulations, including "the nature of the claimant's work, how well the

08 | claimant does the work, if the work is done under special conditions, if the claimant is

09 | selfemployed [sic], and the amount of time the claimant spends at work" (citing 20 C.F.R. §§

10 | 404.1573, 416.973)).

11 |     In this case, the ALJ found that Plaintiff's past work as a cashier II, which ended in

12 | March 2005, constituted SGA. (AR 475-76.) The parties agree that Plaintiff's cashier II

13 | earnings were below the SGA threshold, but the Commissioner argues that this work could

14 | nonetheless constitute SGA. Dkt. 16 at 18. It could, but the ALJ did not show that it did: the

15 | ALJ did not acknowledge that Plaintiff's earnings fell below the SGA threshold or make any

16 | particular findings about the circumstances of that job that would explain why it nonetheless

17 | constituted SGA. (AR 475-76.) The ALJ did not, therefore, satisfy the Commissioner's

18 | burden at this step, and the Court declines any invitation (Dkt. 16 at 18) to make such findings

19 | in the first instance. *See, e.g.*, *Masterson v. Colvin*, 2017 WL 2953957, at *9-10 (S.D. Cal.

20 | Jul. 11, 2017).

21 |     Furthermore, the Commissioner's brief misrepresents the ALJ's findings regarding

22 | Plaintiff's work history in an attempt to bolster the ALJ's SGA finding: the Commissioner

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -14

01  acknowledges that Plaintiff's unskilled cashier job in 2004-05 fell below the SGA threshold,

02  but goes on to emphasize that Plaintiff's semi-skilled cashier job that she held in 2005-06

03  exceeded the threshold earnings amount, and that these jobs together show that she performed

04  SGA as a cashier within 15 years of her DLI.  Dkt. 16 at 18.  This argument overlooks the

05  distinction between the unskilled cashier job and the semi-skilled cashier job: the ALJ's step-

06  four finding is based only on Plaintiff's ability to perform her past *unskilled* cashier job,

07  because the VE testified that she would not be able to perform the semi-skilled cashier job in

08  light of the ALJ's RFC assessment.  (*See* AR 508.)  Any reference in the Commissioner's

09  brief to the semi-skilled cashier job is a distraction from the ALJ's stated step-four finding,

10  which is based solely on Plaintiff's past unskilled cashier job.

11          Thus, the Court finds that the ALJ's step-four finding does not satisfy the

12  Commissioner's burden to show that Plaintiff can perform her past relevant work as a cashier

13  II, despite her low earnings in that position.

14                                        **<u>CONCLUSION</u>**

15          For the reasons set forth above, this matter is REVERSED and REMANDED for

16  further administrative proceedings.  On remand, the ALJ should reconsider the step-four

17  findings and further develop the record regarding Plaintiff's cashier II work history, if

18  necessary.

19          DATED this <u>21st</u> day of April, 2021.

20

21                                                          Mary Alice Theiler
                                                            United States Magistrate Judge

22

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -15